COMMONWEALTH *vs.* ISAIAH ALEXANDER. March 8, 1977. 1. There was overwhelming physical and circumstantial evidence of the defendant's guilt which was completely independent of either of the in-court identifications which the defendant sought to suppress, and we are satisfied beyond a reasonable doubt that the defendant was not harmed by either of those identifications. *Monteiro* v. *Picard,* 443 F. 2d 311, 313-314 (1st Cir. 1971), cert. den. 404 U. S. 1041 (1972), and cases cited. 2. As we read the transcript, the defendant expressly waived any point he might have had concerning the admissibility of his confession at the police station, very likely because he had decided to testify (as he subsequently did) that the confession was a fabrication on the part of the police. 3. We find it unnecessary to decide any question whether the defendant was deprived of some constitutional or other right by the prosecution's apparently inadvertent (compare *Commonwealth* v. *Roberts,* 362 Mass. 357, 362-363 [1972]) failure to comply with the pretrial order for the disclosure of the oral statements the defendant had made to the police at the time of his arrest. See *Commonwealth* v. *Dabrieo,* 370 Mass. 728, 742-744 (1976); *Commonwealth* v. *Colon, ante,* 775, 776 (1977). The defendant voiced no objection when the assistant district attorney advertised the existence of those statements in her opening remarks to the jury (contrast *Commonwealth* v. *Johnson,* 365 Mass. 534, 548 [1974]) and announced her intention to offer the statements in evidence; no objection was voiced when the statements were actually offered and received in evidence. The judge was not required to believe that the considerable delay in moving for a mistrial was explained by surprise on the part of counsel for the defendant. In any event, we see no likelihood that the verdict on the robbery indictment (the other indictment was placed on file) was affected by any of the statements in question. See *Commonwealth* v. *DeChristoforo,* 371 Mass. 26, 35-36 (1976).

*Judgment affirmed.*

*Robert L. Adams (Eileen Cenci & Susan Baronoff* with him) for the defendant.
*L. Jeffrey Meehan,* Assistant District Attorney, for the Commonwealth.